# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————————

No. 15-60592
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 25, 2016

Lyle W. Cayce
Clerk

————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TESLIM OLAREWAJU KIRIJI,

Defendant-Appellant

————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:14-CR-33-2

————————

Before JONES, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[1]

Teslim Olarewaju Kiriji appeals his sentence of 240 months of imprisonment and a $10,000 fine for conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and (h). He argues that the Government breached its promise in the plea agreement to recommend a sentence within the lower 25% of the applicable guideline range, and he also

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argues that the district court erred in calculating his offense level. The Government moves to dismiss the appeal or, alternatively, for summary affirmance based on the waiver in the plea agreement of Kiriji's right to appeal his sentence on any ground. Kiriji argues that the waiver is unenforceable because of the alleged breach and because he did not knowingly agree to it insofar as he did not know at the time of his guilty plea that the district court would commit the specific sentencing errors he now alleges.

Although "an alleged breach of a plea agreement may be raised despite a waiver provision," *United States v. Roberts*, 624 F.3d 241, 244 (5th Cir. 2010), our review of the record shows that the Government did not breach the agreement as its conduct was not clearly or obviously inconsistent with a reasonable understanding of its obligations, *United States v. Cantu*, 185 F.3d 298, 304 (5th Cir. 1999); *see also Puckett v. United States*, 556 U.S. 129, 133-38 (2009) (holding that the plain error standard governs a claim of breach first raised on appeal). Also, the record shows that Kiriji understood the possible penalties for his offense and that he knew that he had a right to appeal his sentence and was giving up that right. *United States v. Melancon*, 972 F.2d 566, 567-68 (5th Cir. 1992); *see also* FED. R. CRIM. P. 11(b)(1)(N).

Accordingly, the Government's motion to dismiss the appeal is GRANTED, and the appeal is DISMISSED. The Government's motion for summary affirmance is DENIED.